Filed 3/15/24  P. v. Chavez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B323762 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA084148) |
| v. | |
| RAUL CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Reversed.

California Appellate Project, Richard B. Lennon and Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

# I. BACKGROUND

In 2007, a jury found defendant Raul Chavez guilty of: one count of first degree burglary (Pen. Code,[1] § 459, count one); six counts of attempted robbery (§§ 664, 211, counts two through seven); and one count of assault with a deadly weapon (§ 245, subd. (a)(1), count eight). The jury found true allegations that defendant personally used a firearm during the commission of counts one through seven. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) The trial court sentenced defendant to a total of 35 years, eight months in prison, which included a 10-year enhancement under section 12022.5, subdivision (a) for count one, and consecutive three year and four month enhancements for each of counts three to seven. The court stayed the sentence on count two.

In a letter dated April 17, 2019, the Secretary of the California Department of Corrections and Rehabilitation (Secretary) recommended that the trial court recall defendant's sentence pursuant to former section 1170, subdivision (d).[2] The Secretary noted that amendments to section 12022.53, subdivision (h), which became effective January 1, 2018, now permitted sentencing courts discretion to strike personal use firearm enhancements at sentencing pursuant to section 1385.

---

[1]     All further references are to the Penal Code.

[2]     Assembly Bill No. 1540, which became effective January 1, 2022 (Stats. 2021, ch. 719 § 3.1), revised and moved former section 1170, subdivision (d)(1) to a new section, 1170.03. Effective June 30, 2022, the Legislature renumbered the section as 1172.1. (Stats. 2022, ch. 58, § 9.)

On June 24, 2019, the trial court, without appointing counsel or holding a hearing, issued a minute order stating that it had considered the Secretary's letter and "elect[ed] to take no action on the recommendation." Defendant appeals from that ruling.

## II. DISCUSSION

Defendant contends that the trial court erred in summarily denying the Secretary's resentencing recommendation under newly enacted section 1172.1 by failing to appoint counsel, failing to set a status conference, and failing to hold a hearing before ruling on the recommendation. The Attorney General disputes that section 1172.1 applies to the court's ruling, which was made prior to January 1, 2022, the effective date for Assembly Bill No. 1540. He nevertheless concedes that a remand is appropriate.

We accept the concession and agree that the proper resolution of this appeal is to reverse the trial court's order and remand for further proceedings in compliance with newly enacted section 1172.1. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1089-1091; *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040–1041.) Among other things, the court must provide notice to defendant, appoint counsel, conduct a hearing (absent a stipulation by the parties), and state on the record the reasons for its decision to grant or deny recall and resentencing. (§ 1172.1.)

## III.  DISPOSITION

The order denying the Secretary's resentencing recommendation is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

4